# EXHIBIT E

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

PROBATION OFFICER'S REPORT

RPT. SEQ. NO. 2

THE PEOPLE OF THE STATE OF CALIFORNIA
Plaintiff

VS.

DARRYL LEON DAWSON,
Defendant

| DEPT./DIV. | ATTY. | JUDGE |
|---|---|---|
| 100 | BROADY | MUNOZ |
| HEARING 7-16-86 | EXPIRATION DATE(S) (1) | COURT CASE NO.(S) (1) |
| C.I.I. NO. 05271872 | (2) | (2) |
| PROB. NO. X- 863251 | (3) | (3) |
| DPO PEACE | | AREA OFFICE CAI |

WHEREABOUTS

MAIN COUNTY JAIL
MODULE 3800
BKG. NO. 8630865

☐ NON-APPEARANCE
☒ INSTRUCTED TO APPEAR BY: COURT

**SUPPLEMENTAL REPORT**

1   REASON FOR HEARING:

2           MATTER WAS LAST BEFORE THE COURT ON JUNE 25, 1986.
3   AT THAT TIME, A SUPPLEMENTAL PROBATION REPORT WAS ORDERED FOR THE
4   INSTANT DATE.

5           ON DECEMBER 3, 1984, THE DEFENDANT APPEARED IN
6   DEPARTMENT 123. PURSUANT TO REMITTITUR FILED SEPTEMBER 5, 1984,
7   THE COURT FINDS THE ORDER STRIKING THE SPECIAL CIRCUMSTANCES
8   ALLEGATION IN COUNT 12 IS REVERSED AND DEFENDANT IS BEFORE THE
9   COURT FOR RESENTENCING ON THIS ISSUE. DEFENDANT'S MOTION TO STRIKE
10  THE SPECIAL CIRCUMSTANCE PURSUANT TO SECTION 1385 PENAL CODE IS
11  ARGUED AND DENIED. AS TO COUNT 12, DEFENDANT IS SENTENCED TO
12  STATE PRISON FOR LIFE WITHOUT THE POSSIBILITY OF PAROLE. AS TO
13  THE PENAL CODE SECTION 12022(A) ALLEGATION, DEFENDANT IS SENTENCED
14  TO STATE PRISON FOR ONE YEAR, TO BE SERVED CONSECUTIVELY TO ALL

OTHER COUNTS AND, MORE SPECIFICALLY, TO COUNT 15. THE COURT ORDERS THAT ALL DETERMINANT SENTENCES IMPOSED APRIL 24, 1981 ARE TO REMAIN IN FULL FORCE AND EFFECT. FURTHERMORE, PURSUANT TO THE REMITTITUR FILED SEPTEMBER 5, 1984, THE SENTENCE IMPOSED APRIL 24, 1981 IS MODIFIED TO ADD: "DEFENDANT IS TO BE GIVEN CREDIT FOR 693 DAYS IN CUSTODY (INCLUDES 231 DAYS GOOD TIME/WORK TIME)".

ON FEBRUARY 28, 1986, IN DIVISION ONE, SECOND APPELLATE DISTRICT, COURT OF APPEAL OF THE STATE OF CALIFORNIA, UPHELD THE DEFENDANT'S CONTENTION "THE RESENTENCING COURT ERRED IN FAILING TO OBTAIN AN UPDATED PROBATION REPORT PRIOR TO RESENTENCING" IN REGARDS TO THE SENTENCING OF DECEMBER 3, 1984. THEREFORE, THE SENTENCE IMPOSED UPON THE CONVICTION OF MURDER ONLY IS VACATED AND THE MATTER REMANDED TO THE SUPERIOR COURT WITH DIRECTIONS TO RESENTENCE APPELLENT AFTER OBTAINING AND UPDATED PROBATION REPORT. IN ALL OTHER RESPECTS, THE JUDGMENT OF CONVICTION WAS AFFIRMED.

REPORT:

AT THE TIME OF THE PROBATION AND SENTENCING HEARING OF APRIL 24, 1982, THE DEFENDANT WAS 25 YEARS OLD. HE WAS A NON-VET, SINGLE WITH A MINOR KNOWN PRIOR CRIMINAL HISTORY. BETWEEN JANUARY 13, 1980 AND FEBRUARY 29, 1980, THE DEFENDANT AND KENNETH LAMART JORDAN WERE IDENTIFIED AS THE SUSPECTS WHO COMMITTED SEVERAL ARMED ROBBERIES OF SUPERMARKETS AND RESTAURANTS.

ON JANUARY 30, 1980, AT APPROXIMATELY 10:50 P.M.,

-2-

1  BOTH DEFENDANTS, ARMED WITH HANDGUNS, ENTERED THE NORM'S RESTAURANT
2  AT 2890 LA CIENEGA BOULEVARD, IN CULVER CITY. AT GUNPOINT,
3  THE DEFENDANT TOOK PROPERTY FROM THE CASHIER. WHILE HE WAS
4  ROBBING THE CASHIER, CODEFENDANT JORDAN APPROACHED A PATRON AND
5  DEMANDED MONEY. WHEN THE PATRON STATED THAT HE HAD NO MONEY,
6  JORDAN SHOT HIM. AFTER THE VICTIM FELL, JORDAN BENT DOWN AND
7  TOOK THE VICTIM'S WALLET. JORDAN SHOT THE VICTIM WITH A HANDGUN
8  WHICH HE HAD TAKEN FROM A SECURITY GUARD AT THE ALPHA BETA
9  ROBBERY WHICH OCCURRED ON JANUARY 30TH AT 10:30 P.M. THE VICTIM
10 LATER DIED.
11         ON FEBRUARY 29, 1980 AT APPROXIMATELY 9:00 P.M.,
12 BOTH DEFENDANTS ENTERED THE BOYS MARKET AT 3670 SOUTH CRENSHAW
13 BOULEVARD IN LOS ANGELES. PRIOR TO ENTERING THE MARKET,
14 CODEFENDANT JORDAN APPROACHED A SECURITY GUARD, JUST OUTSIDE OF
15 THE MARKET, AT THE PUBLIC TELEPHONE. AT POINT-BLANK RANGE AND
16 WITHOUT ANY WARNING, JORDAN SHOT THE SECURITY GUARD. THE SECURITY
17 GUARD WAS SHOT WITH THE SAME GUN WHICH JORDAN TOOK FROM THE GUARD
18 AT THE ALPHA BETA ROBBERY IN INGLEWOOD ON JANUARY 30, 1980.
19 DEFENDANT JORDAN THEN DEMANDED AND TOOK THE VICTIM'S GUN (WHICH
20 WAS ALLEGEDLY A REPLICA; I.E., A NON-WORKING GUN). WHILE
21 CODEFENDANT JORDAN WAS OUTSIDE WITH THE SECURITY GUARD, THE
22 DEFENDANT WAS INSIDE THE BOYS MARKET. CODEFENDANT JORDAN THEN
23 ENTERED THE BOYS MARKET AND JOINED THE DEFENDANT AND BOTH DEFENDANTS,

-3-

76C692G — PROB. 5A — PS 11-85

AT GUNPOINT, ROBBED ALL THE CASHIERS IN THE MARKET, ONE BY ONE. THE VICTIM LATER DIED OF HIS WOUNDS.

DEFENDANT'S STATEMENT:

          THE DEFENDANT WAS INTERVIEWED IN THE MAIN COUNTY JAIL ON JULY 3, 1986. ACCORDING TO THE DEFENDANT, HE HAS BEEN MAKING A CONCERTED EFFORT TO STAY OUT OF TROUBLE AND "PROGRAM". HE INDICATES THAT HE PLANS TO GET INVOLVED IN SOME TRAINING COURSES OR VOCATIONAL ORIENTED CLASSES. HE STATES THAT HE WOULD LIKE TO MAKE A GOOD IMPRESSION ON THE COURT WITH AN AIM TO BEING GIVEN A SENTENCE WHICH WOULD MAKE PAROLE A POSSIBILITY IN THE FUTURE. HE POINTS OUT THAT HE TOOK NO LIFE BUT WAS WRONG IN THE COMMISSION OF AND BEING INVOLVED IN THE ROBBERIES. HOWEVER, HE DOES NOT FEEL THAT HE SHOULD BE PUNISHED AS HARSHLY AS THE CODEFENDANT WHO ACTUALLY COMMITTED THE MURDERS.

INTERESTED PARTIES:

          THE PROBATION OFFICER HAS ATTEMPTED TO CONTACT THE DEFENDANT'S CORRECTIONAL COUNSELOR, PUIG, AT DUEL VOCATIONAL INSTITUTE IN TRACY, CALIFORNIA. TO DATE, THE PROBATION OFFICER HAS BEEN UNABLE TO ESTABLISH DIRECT CONTACT WITH THIS OFFICER. A TELETYPE HAS BEEN SENT TO HIM REQUESTING INFORMATION RELATIVE TO THE DEFENDANT'S BEHAVIOR WHILE INCARCERATED. SHOULD THIS INFORMATION BE RECEIVED PRIOR TO SUBMISSION OF THIS REPORT TO THE COURT, IT WILL BE ATTACHED OR FORWARDED TO THE COURT.

-4-

76C692G — PROB. 5A — PS 11-85

        PER SEVERAL CUSTODIAL COUNSELLING GENERAL CHRONOS, BETWEEN NOVEMBER 1982 AND MARCH 3, 1986, THE DEFENDANT APPEARED TO BE PERFORMING SATISFACTORILY WHILE IN CUSTODY. HE HAD SEVERAL COMMENDATIONS FOR DOING EXCELLENT WORK AS WELL AS WORKING ON HIS OWN WITHOUT SUPERVISION. ON OCTOBER 21, 1982, THE DEFENDANT WAS INVOLVED IN AN ALTERCATION WITH A CELL MATE WHICH RESULTED IN A MINOR INFRACTION BEING NOTED. HE WAS ALSO COUNSELLED REGARDING LEAVING HIS WORK ASSIGNMENT WITHOUT PERMISSION ON APRIL 19, 1985 TO GET INTO THE CANTEEN LINE.

        <u>SENTENCING CONSIDERATIONS:</u>

        DEFENDANT IS NOT ELIGIBLE FOR PROBATION PURSUANT TO 1203(E) PENAL CODE UNLESS THE COURT DETERMINES THIS IS AN UNUSUAL CASE.

        FACTORS IN AGGRAVATION:

1. THE PLANNING, WITH WHICH THE CRIMES WERE CARRIED OUT, INDICATE PREMEDITATION.

2. THE CRIMES INVOLVED VIOLENCE, GREAT BODILY HARM AND OTHER ACTS DISCLOSING A HIGH DEGREE OF CRUELTY, VICIOUSNESS AND CALLOUSNESS.

3. THE CRIMES INVOLVED MULTIPLE VICTIMS.

FACTORS IN MITIGATION:

1. DEFENDANT HAD A MINOR KNOWN PRIOR CRIMINAL HISTORY.

2. DEFENDANT VOLUNTARILY ACKNOWLEDGED WRONGDOING AT AN EARLY STAGE OF THE CRIMINAL PROCESS.

-5-

76C692G — PROB. 5A — PS 11-85

THE FACTORS IN AGGRAVATION OUTWEIGH THOSE IN MITIGATION. SHOULD THE DEFENDANT BE SENTENCED TO STATE PRISON, THE HIGH-BASE TERM IS RECOMMENDED. THE PROBATION OFFICER BELIEVES THE FOLLOWING RECOMMENDATION IS APPROPRIATE.

RECOMMENDATION:

IT IS RECOMMENDED THAT PROBATION BE DENIED AND THAT DEFENDANT BE SENTENCED TO STATE PRISON WITH PRE-IMPRISONMENT CREDIT OF 2337 DAYS.

RESPECTFULLY SUBMITTED,

BARRY J. NIDORF,
PROBATION OFFICER

BY _____
ALEXANDER PEACE, DEPUTY
CENTRAL ADULT INVESTIGATIONS
974-9027

READ AND APPROVED:

_____
SYLVIA SMITH, SDPO

(SUBMITTED 7-9-86)
(TYPED 7-12-86)
AP:RC (6)

I HAVE READ AND CONSIDERED THE FOREGOING REPORT OF THE PROBATION OFFICER.

_____
JUDGE OF THE SUPERIOR COURT

-6-

76C692G — PROB. 5A — PS 11-85