IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DAWSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　　Respondent.　　　　　　／ | No. C 07-4821 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

  This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

  The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

  In 1981 petitioner was convicted of first-degree murder and thirteen counts of armed robbery. He was sentenced to prison for thirty-eight years to life. The petition here is directed to a denial of parole in 2006. He alleges that he has exhausted these claims by way of state habeas petitions.

///

///

**DISCUSSION**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

   **1.    RESPONDENT'S ISSUES**

In order to preserve the issues for appeal respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

   **2.    PETITIONER'S ISSUE**

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the

3

evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The crimes for which petitioner was sentenced consisted of a series of armed robberies, culminating in a murder by petitioner's crime partner (Exh. C1 [Opinion of California Court of Appeal] at 3-4). On February 29, 1980, petitioner and Kenneth Jordan robbed a McCoy's market in Lynwood, California; both had guns (*id.* at 15-16). Later that same evening the two robbed a Boy's Market in Los Angeles (*id.* at 16-17). There Jordan shot a security guard to death, and petitioner pointed his gun at the assistant manager and threatened to shoot him (*ibid.*).

At the Board hearing there was evidence that petitioner received a serious rules violation report in 2002, four years before the hearing, for inappropriate sexual behavior with a visitor, his wife (Exh. F1 at 24); had not attended his Narcotics Anonymous or Alcoholics Anonymous meetings recently (*id.* at 36-38); did not know how many victims there were of his crime (*id.* at 68-69); seemed to discount his participation in the crime by saying it was "not in my character" (*id.* at 20, 21, 51, 75); and had not engaged in many vocational and self-help programs (*id.* at 70).

Because of petitioner's long minimum sentence, the hearing at issue here was only his second. He had served about twenty-five years on the thirty-eight year to life sentence, and was about fifty years old.

4

The Court's review in this sort of case is extraordinarily deferential. The "some evidence" standard itself is deferential, and added to that is the federal habeas standard forbidding a grant of habeas relief unless the state court decisions were contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority. As a practical matter, in most cases, including this one, this standard means that to grant relief it would be necessary to conclude that the state courts' decisions were "unreasonable," on a question where the "some evidence" standard the state court is applying already gives a great deal of leeway to the Board.

The evidence recited above was "some evidence" to support the Board's decision, and even if it was not, the rejections of these claims by the state appellate courts were not contrary to, or unreasonable applications of, clearly-established United States Supreme Court authority.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April    1    , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\dawson4821.RUL.wpd